THOMAS W. CHISHOLM, executor, *vs.* NEW ENGLAND TELE-PHONE AND TELEGRAPH COMPANY.

Middlesex.    November 10, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* Employer's liability.

In an action against a telephone and telegraph company by a lineman in its employ, for injuries from falling from a pole of the defendant on which the plaintiff was at work, by reason of a pin which the plaintiff was grasping coming out of the pole, there was evidence that the hole into which the pin had been driven was bored so that it slanted downward instead of being on a level or slanting upward,

and that the pin was only driven in two and one half inches instead of four inches as there was evidence that it should have been. *Held,* that there was evidence to warrant a finding that there was a defect in the original construction of the pole for which the defendant was liable.

Whether a lineman in the employ of a telephone and telegraph company, when at work on a pole of his employer, is negligent in not examining a pin inserted in the pole before trusting his weight to it, is a question of fact for the jury, and this is none the less so by reason of a rule requiring linemen to test the poles and pins, if they thought there was danger, and if they found any loose pins to pull them out and report to the foreman, if it does not appear that the pin in question was loose or that the lineman thought there was danger.

In an action against a telephone and telegraph company by a lineman in its employ, for injuries from falling from a pole of the defendant on which the plaintiff was at work, by reason of a pin which the plaintiff was grasping coming out of the pole, the fact that linemen were required to drive the pins into the poles after the poles had been set and the holes for the pins bored, does not relieve the defendant from liability, if it does not appear that the plaintiff drove in the pin which came out, the linemen in driving in the pins acting as agents of the defendant for whose negligence it would be liable.

A lineman working on a telephone or telegraph pole of his employer does not assume the risk of an accident caused by a pin which he is grasping coming out of the pole, owing to its having been driven in place negligently by another lineman whose duty it was to drive it.

TORT, at common law, for personal injuries sustained by the plaintiff's testator, a lineman, in falling from a pole of the defendant while at work there in the defendant's employ.   Writ dated May 31, 1898.

In the Superior Court *Sheldon,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*N. D. Pratt,* for the plaintiff.

*J. A. Lowell,* for the defendant.

MORTON, J.   It was the duty of the defendant to exercise reasonable care and diligence in seeing that the structures and appliances which it provided were free from defects so that the plaintiff's testator and others in its employ being themselves in the exercise of due care could safely perform the work which they were employed to do.   The defendant could not avoid liability for injuries caused by its negligence in this regard by delegating this duty to others or by imposing it within the sphere of their respective duties upon those in its employ unless the circumstances were such as to constitute an assumption of the risk or want of due care on the part of the person or persons so injured.

There was testimony tending to show that the fall of the

plaintiff's testator and the injuries which he sustained were caused by the pulling out of a pin which he had taken hold of in the course of his ascent, and which came out while he had hold of it with one hand, and was looking over the wires to see which one should be removed. There was also testimony tending to show that the hole into which the pin had been driven was bored so that it slanted downwards, instead of being on a level or slanting upwards, and that the pin was only driven in two and one half inches instead of four as there was testimony tending to show that it ought to have been. This testimony would have warranted a finding that there was a defect in the original construction for which the defendant was responsible, and that the injuries received by the plaintiff's testator were due to it.

It cannot be said as matter of law that the plaintiff's testator was not in the exercise of due care or that he assumed the risk. Those were both questions for the jury as the case was left by the evidence that was introduced. The testator was engaged in the performance of his duty, and it would have been for the jury to say whether under the circumstances he ought to have examined the pin and was negligent in not doing so or in trusting his weight to it without such examination. The linemen were required by the rules to test the poles and steps if they thought there was danger, and if they found any loose steps to pull them out and report to the foreman. There is nothing to show that this step was loose and it may be doubtful whether the rule that they should test the poles and steps if they thought there was danger added anything to what would be required in the exercise of due care. But, further, there is nothing to show that he thought that there was danger, and whether, in the exercise of reasonable care, he ought to have discovered the condition of the step or was negligent in trusting himself to it were, as already observed, questions for the jury. The fact that the linemen were required to drive the steps in after the poles had been set up and the holes bored would not relieve the defendant in the absence of proof that the plaintiff's testator himself drove in the step which came out and thereby contributed by his own negligence to the injuries which he received. In driving in the steps the linemen acted as agents for

the defendant and it would be liable for their negligence. It cannot be said that the chance of an accident like that which occurred under the circumstances under which this accident occurred was one of the risks of the business which the deceased assumed.

> *Exceptions sustained ; case to stand for trial as agreed on the question of damages only.*