JOHN M. JENNISON *vs.* WALTHAM GAS LIGHT COMPANY.

Middlesex.    January 19, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

At the trial of an action by an electric light trimmer against his employer, an electric light company, for injuries due to a fall from a pole which the plaintiff was climbing in the performance of his duties, there was evidence tending to show that the plaintiff had been instructed, in ascending the pole, to grasp a pin upon the crossarm, that on the occasion in question a pin which he thus grasped broke, causing him to fall, that the pin broke because it had rotted after it was put into the crossarm, that it had rotted because it was not provided with a shoulder to keep moisture from the socket in which it was set, that this condition of affairs could have been discovered by inspection, and that a proper construction of the crossarm and pin would have been to supply the pin with a closely fitted shoulder so that the joint would be impervious to moisture. *Held,* that there was evidence tending to show that the defendant was negligent and was liable to the plaintiff both at common law and under R. L. c. 106, § 71.

At the trial of an action by an electric light trimmer against his employer, an electric light company, for injuries received in falling from a pole because of the breaking of a pin which he had grasped in ascending the pole, there was evidence tending to show that the pin was rotten but that its rotten condition was not visible, that the plaintiff previously had used it and had not noticed that it was defective, that in grasping the pin as he did he was following instructions and that it was not his duty to inspect the pins or the poles. *Held,* that the plaintiff had not as a matter of law assumed the risk of the injury which he received, and that the question whether he was in the exercise of due care was for the jury.

TORT for personal injuries received by the plaintiff while he was in the defendant's employ as a trimmer of electric lights due to the breaking in the plaintiff's grasp of one of the pins on a crossarm of an electric light pole which he was climbing, whereby the plaintiff was caused to fall to the ground. Writ in the Superior Court for the county of Middlesex dated July 18, 1902.

The case was tried before *Schofield,* J. The facts are stated in the opinion. At the close of the evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. L. Mayberry,* for the plaintiff.

*W. I. Badger,* (*W. H. Hitchcock* with him,) for the defendant.

BRALEY, J.  If, as the defendant contends, there is no evidence of its negligence and the plaintiff by his conduct assumed the risk and failed to exercise due care, the verdict must stand.

In the proper construction of the crossarm the pins on which the defendant's wires were strung were turned with a shoulder or collar, and, when inserted in the sockets, upon being properly driven down made a close joint impervious to water.  The pin which gave way, not having been closely set, left a small space exposed to the weather, which caused a gradual decay until it had become rotten at the time of the accident.  It is clear from the testimony of the defendant's former electrician, who had charge of the work when the pin was put in, as well as of its foreman, that not only was the original construction faulty, but the unsound condition of the pin could have been discovered and remedied by reasonable inspection.

The plaintiff, while in the defendant's employment as a trimmer of electric lamps, was required to climb the pole and, upon reaching the last iron step, being obliged to go higher to reach the lamp, the jury could find on his evidence that not only the feasible and customary way was to grasp one of the pins to assist him in making the ascent, but that in doing so he was following the instructions given him by the defendant.  If the defendant knew that he must perform his work in this way, then by neglecting to provide a properly adjusted pin or to see that as inserted it remained sound, it failed at common law as well as under R. L. c. 106, § 71, to discharge its duty to the plaintiff. *Feeney* v. *York Manuf. Co.* 189 Mass. 336.  *Donahue* v. *Buck*, 197 Mass. 550.  It consequently follows that the jury would have been warranted in finding that the defendant was negligent. *Chisholm* v. *New England Telephone & Telegraph Co.* 185 Mass. 82.  *Lord* v. *Wakefield*, 185 Mass. 214.  *Dawson* v. *Lawrence Gas Light Co.* 188 Mass. 481.

The defendant relies on the case of *McIsaac* v. *Northampton Electric Lighting Co.* 172 Mass. 89, but as pointed out by Mr. Justice Lathrop in *Lord* v. *Wakefield* and *Dawson* v. *Lawrence Gas Light Co., ubi supra,* that was a case where an experienced lineman, whose duties required him to work upon the poles, was injured by the falling of a pole decayed below the ground.  The evidence showed that he was expected to examine the poles to

ascertain their condition before going upon them, and it was held that he assumed the risk by his contract of employment. In the case at bar the plaintiff was a trimmer, upon whom the jury could find on conflicting evidence that there rested no duty of inspection before using the pole and its fixtures as an appliance furnished for his use by the defendant.

But, while this defense has been considered, because, if the defendant's negligence had not been shown the action could not be maintained, the ground upon which the trial judge ordered a verdict in the defendant's favor was that the jury would not be warranted in finding that the plaintiff was in the exercise of due care. In the consideration of this question it is to be said that the case of *Little* v. *Hyde Park Electric Light Co.* 191 Mass. 386, by which the defendant contends that this branch of the case should be governed, is clearly distinguishable. The difference between them is, that there the spike or step was loose, which was a frequent occurrence, and that in ascending the pole the plaintiff could tell by " the feeling of it " whether a step was loose, and that it was his duty to report when such repairs were needed. But here on conflicting evidence the jury could find that the pin was not loose nor its decay visible, while a decayed pin was exceptional, and that the plaintiff, not being charged with the. duty of inspection, would have no warning of the danger excepting what he might have ascertained by ordinary observation, until the pin gave way. If in the performance of his work the use of the pin was necessary, or he was instructed to use it, the jury from his testimony could find further, that he was inexperienced as to the method of construction or the adjustment of the pins, that, when he was using the pole before the accident, the pin appeared to be sound, and that in his previous experience in trimming lamps a pin never had broken. It is contended that he was accustomed to report broken pins or those likely to break which he discovered, but this pin was not broken, nor, as he testified, even known by him to be decayed. To an experienced lineman intrusted with the duty of seeing that the pole as equipped was in proper repair, the space between the collar and the top of the arm might have been readily visible, but to a trimmer not charged with this duty it might be overlooked, as his attention very largely would be directed to his par-

ticular work.   The statement made in cross-examination that he looked out for his own safety and that if he had seen the exact condition of the pin he would not have used it, must be read with his entire evidence, from which the inference could be drawn that he did not intend his self-reliance to be understood as including a defective pin, or his caution, a condition of which he was ignorant, for it is only the assumption of obvious risks by a servant which bars recovery, if he is injured. *Murphy* v. *Marston Coal Co.* 183 Mass. 385, 387.   *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437, 441.   If no duty of inspection rested upon him, then under the instructions which he had received, it could be found he was performing his work in the usual way, with no reason from his previous experience, or present knowledge to anticipate that in grasping the pin he placed himself in a position of danger.

In the exercise of ordinary care, to what extent, if at all, his failure to make a closer examination before intrusting himself to the strength of the pin contributed to his injury, was also for the jury to whom the case should have been submitted. *Chisholm* v. *New England Telephone & Telegraph Co., Lord* v. *Wakefield,* and *Dawson* v. *Lawrence Gas Light Co., ubi supra.*

*Exceptions sustained.*