## WOLVERTON *v.* VILLAGE OF SARANAC.

1. Municipal Corporations — Sidewalks — Negligence — Personal Injuries—Contributory Negligence.

Plaintiff was not *per se* guilty of negligence barring her recovery for injuries sustained by reason of a fall upon an alleged defective sidewalk, because she admitted having the defective condition in mind when she passed over it in the dark, stepping into a small depression in trying to avoid a larger one.[1]

[1] Effect of knowledge of defect in street on question of contributory negligence, see note in 21 L. R. A. (N. S.) 638.

2. SAME—EVIDENCE—OPINION.
   One, who claimed to have notified the street commissioner of
   defendant village of the dangerous condition of the walk,
   could state the conversation, but could not offer his opinion
   that the commissioner understood what walk was intended.

3. TRIAL—CROSS-EXAMINATION—EVIDENCE.
   The extent of cross-examination as affecting the credibility of
   a witness, by showing unlawful acts, etc., is, in general, dis-
   cretionary with the trial court.

Error to Ionia; Davis, J. Submitted November 22,
1911. (Docket No. 160.) Decided July 22, 1912.

Case by Bessie A. Wolverton against the village of
Saranac for personal injuries. A judgment for defendant
on a verdict directed by the court is reviewed by plaintiff
on writ of error. Reversed.

*H. E. Kidder* and *R. A. Hawley*, for appellant.

*Scully & Davis*, for appellee.

BIRD, J. On November 1, 1908, Bessie Wolverton, the
plaintiff, was living with her husband in the defendant
village. Late in the evening of that day they were in-
formed that her husband's mother was dying. They
hurriedly dressed and started for the mother's house, half
a mile distant. When they had gone about half the dis-
tance, they came to a tar and gravel walk, in which were
10 holes of varying sizes, ranging from 6x7 inches to 36x
36 inches. The depth of them varied from 2 to 6 inches.
The plaintiff and her husband were more or less familiar
with the walk, and, as they approached the vicinity where
the holes were, they slackened their pace and passed over
several of them in safety. While attempting to avoid one
of the larger holes, the plaintiff stepped into one of the
smaller ones and either slipped or stumbled and was there-
by thrown forward onto the walk and seriously injured.

After the trial court had listened to the plaintiff's case,
he came to the conclusion that plaintiff herself was negli-

gent, and that her negligence contributed to her injury, and, upon motion of counsel, directed a verdict for the village. The plaintiff insists that this was error; that, if there was negligence on the part of plaintiff, it was a question of fact to be determined by the jury rather than by the court. It has been held many times by this court that one is not precluded from traveling upon a sidewalk simply because he knows it is defective. *Lowell* v. *Township of Watertown,* 58 Mich. 568 (25 N. W. 517); *Schwingschlegl* v. *City of Monroe,* 113 Mich. 683 (72 N. W. 7); *Urtel* v. *City of Flint,* 122 Mich. 65 (80 N. W. 991); *Belyea* v. *City of Port Huron,* 136 Mich. 504 (99 N. W. 740); *O'Connor* v. *City of Detroit,* 160 Mich. 193 (125 N. W. 277).

The facts, as they appear in the record, seem to bring the case within the rule laid down in these cases. This rule is recognized by defendant's counsel, but they seek to distinguish this case by calling attention to the testimony of the plaintiff that she had the defect in mind at the precise moment she was injured, and they argue from this that it conclusively appears that she was not in the exercise of ordinary care. The fact that she had the defect in mind would not necessarily change the issue of fact to one of law. *Lowell* v. *Township of Watertown, supra.* If she knew of the defects and had them in mind, she would be held to a greater degree of care than she would if she had had no knowledge of them. Her knowledge of the defects should be considered in connection with her efforts to avoid them, the darkness of the night, the extent to which the holes were visible, and all the other circumstances of the case, in determining whether she exercised that care which an ordinarily prudent person would under like circumstances. We are of the opinion that the question of plaintiff's negligence was one for the jury, and that the trial court erred in determining it as a matter of law.

Error is also assigned because certain testimony was rejected. A witness for the plaintiff had testified that

some time previous to the injury he had called the attention of the street commissioner to the defective condition of the walk. Upon cross-examination the following occurred:

"*Q.* You wouldn't want to swear you called his attention particularly to the Barber walk as the Barber walk?

"*A.* I don't know as I would, really; of course, I rather think I did.

"*The Court:* Did you say anything to him by which he should know you were talking about the Barber walk?

"*A.* I think he understood it well.

"*The Court:* We will leave it out, then, if it was only a question of understanding.

"*A.* I think it was all understood the walk by what we talked; he understood what I meant; he said he would go and fix it.

"*Mr. Hawley:* I think, in connection with what he said, he understood.

"*The Court:* It may be he had some other walk in his mind; as far as the testimony goes, it is a little too uncertain to bind the village unless the walk is identified."

It was undoubtedly competent for the witness to testify to the conversation he had with the street commissioner with reference to the walk, and it is equally clear that he would have no right to testify as to what the street commissioner understood from the conversation. If there were any question in regard to that, it was a question for the jury to determine and not for the witness.

Complaint is also made because the trial court ruled that plaintiff's husband should answer the following question upon his cross-examination:

"*Q.* How much did you pay for it (referring to the marker for his mother's grave)?"

An examination of the record shows that an attempt was made by defendant to show by the witness that money had come into his hands to purchase a marker for his mother's grave, and that he had used it for other purposes. It was being used to affect his credibility as a witness. We think it was one of those questions that are

so far within the discretion of the trial court that we cannot say that he was in error in directing it to be answered.

Counsel for plaintiff argues the question of the sufficiency of the notice of the injury given to the village council, also the negligence of the defendant. As these questions were not decided adversely to the plaintiff by the trial court, we think it unnecessary to consider them.

The judgment of the trial court is reversed, and a new trial ordered.

STEERE, McALVAY, BROOKE, and BLAIR, JJ., concurred.