[Civ. No. 2275. First Appellate District.—September 24, 1917.]

## H. N. GRAY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—DEATH OF LABORER IN ROCK QUARRY—WILLFUL MISCONDUCT — INSUFFICIENCY OF EVIDENCE. — Under the Workmen's Compensation Act an award made to the dependents of a laborer employed in a rock quarry is not subject to annulment on the theory that the deceased was guilty of willful misconduct in returning to the place of work from which he had been taken earlier in the day and where he ultimately met with the accident which caused his death, in the absence of any direct evidence that he was warned not to return to the place where he was originally working, or that he was advised of its dangerous character, or that at the time he returned he actually knew of the danger.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

J. E. Manning, for Petitioners.

Warren H. Pillsbury, for Respondents.

THE COURT.—In support of the application for the writ it is urged first that the decedent, to whose dependents an award was made by the respondent, Industrial Accident Com-

mission, was guilty of willful misconduct in returning to the place from which he had been taken earlier in the day and where he ultimately met with the accident which caused his death. Now, the evidence shows that he was ordered to go from that place, where he was engaged in loading dirt on cars, to another place some little distance away. The evidence does not show that he was warned not to return to the place where he was originally working, nor does it show that it was explained to him what the dangers of the place were from which he was taken. He was simply told to go and work somewhere else. He went and worked for a while at the place indicated on the same character of which he had been doing; and later on, the work at that place becoming slack, or there not being any dirt to load, or some such reason, he went back to the place where he had been working earlier in the morning, apparently with the intention of keeping employed where there was work to do. Now, there is no direct evidence—there was none before the commission that we can see—that at the time that he returned to this place he actually knew of the dangers that were incident to his being there; and that being so, the question whether his act in returning was willful misconduct is one which is only inferable from the argument now made that he must have seen the dangers of the place, and that he willfully returned to a place that was dangerous knowing the dangers of it and knowing that he was taken away from it because of the dangers existing there. Now, that is only an inference to be drawn from his action; but the commission did not draw it, nor upon this application can we.

The only remaining point is as to whether or not H. N. Gray and P. B. Gray were jointly interested in the business of rock-crushing; and upon that point we think that the record shows sufficient evidence to warrant the finding that they were, although H. N. Gray did testify that the rock-crushing business was separate and apart from the selling of the rock when crushed, which was conducted by P. B. Gray. Nevertheless the commission did not apparently see fit to believe him in that statement in view of all the other circumstances in the case, which, among other things, showed that the rock was taken at the quarry by (Mrs.) P. B. Gray, there delivered to her, that she sold it, and if there was a balance due she paid it to Mr. H. N. Gray. She kept all the books of the entire concern—of both departments of the rock-crushing

plant and of the sales made, and Mr. H. N. Gray kept no books at all; all of his accounts were kept by her, and if he wanted any money he got it from her. We think the evidence upon the whole supports the implied finding of the commission that Mr. H. N. Gray and Mrs. P. B. Gray were jointly interested and had jointly employed the deceased to work for them.

The award is affirmed and the writ dismissed.