FILES *v.* TOWNSHIP OF ARENAC.

1. MUNICIPAL CORPORATIONS—BRIDGES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
    In an action against a township for personal injuries sustained by plaintiff when a stringer or stringers in a foot bridge gave way, allowing it to fall, the questions of defendant's negligence and of plaintiff's contributory negligence, *held*, properly submitted to the jury.[1]

2. SAME—CONTRIBUTORY NEGLIGENCE.
    The fact that plaintiff might have heard her father say that the bridge was unsafe, *held*, not to render her guilty of contributory negligence, as matter of law.[2]

3. SAME—NEGLIGENCE—NOTICE—CONSTRUCTIVE NOTICE.
    Plaintiff's testimony *held*, to make a case of a patent defect, and of both actual and constructive notice to defendant thereof.[3]

4. SAME—EVIDENCE—TESTIMONY AS TO PATENT CONDITIONS ADMISSIBLE—OPINION EVIDENCE.
    Testimony in support of defendant's contention that it had no actual notice of the defective condition of the

[1]Bridges, 9 C. J. § 110; [2]Id., 9 C. J. § 110; [3]Id., 9 C. J. § 109.

stringer, and that in fact the stringer did not on its surface show any unsoundness, *held*, improperly excluded on the ground that it was the expression of an opinion, since the witnesses were testifying to patent conditions visual to the eye, and not to a latent condition based on opinion or reasoning.[4]

Error to Arenac; Smith (Guy E.), J.   Submitted December 9, 1924.   (Docket No. 114.)   Decided December 31, 1924.

Case by Margaret Files against the township of Arenac for personal injuries.   Judgment for plaintiff, defendant brings error.   Reversed.

*R. J. Crandell* (*Collins & Thompson*, of counsel), for appellant.

*Henderson & Patterson*, for appellee.

FELLOWS, J.   Some years ago in the township of Arenac, in Arenac county, a highway bridge was maintained across Rifle river cut.   It was washed out in a period of high water and since 1919 a foot bridge has been maintained by the township for the use of pedestrians only.   It is taken down in flood times and put up each spring after the floods are over. One span consists of woven wire upon which the planks are laid and the other span, 26 feet long, has stringers.   Plaintiff, who lived in the vicinity and who frequently crossed the bridge, was crossing this bridge in company with others on July 8, 1923, when the stringer or stringers gave way and she received injuries from the resulting fall.   This action was brought to recover for the damages so occasioned.

At the close of plaintiff's testimony and again at the close of all the proofs, defendant moved for a directed verdict on the ground that plaintiff was guilty of con-

[4]Evidence, 22 C. J.   § 655.

tributory negligence as matter of law and that no negligence of defendant was shown. We think the trial judge correctly overruled these motions and left these questions to the jury. The fact that plaintiff might have heard her father say that the bridge was unsafe did not render her guilty of contributory negligence as matter of law. *Wolverton* v. *Village of Saranac,* 171 Mich. 419, and cases there cited. Testimony offered on behalf of plaintiff tended to establish that the highway commissioner was given actual notice that the bridge was in an unsafe condition some considerable time before the accident, and while one of plaintiff's witnesses gave testimony that the stringers were perfectly sound, there was testimony in the case made by plaintiff tending to show that they were, or at least one of them was, so rotten as to be noticeable to the most casual observer and had so existed for a considerable time. Plaintiff's testimony made a case of a patent defect and of both actual and constructive notice.

Defendant denied that it had received any actual notice. It also denied that there was any patent defect in the stringer and introduced testimony that before the stringer was put in place in the spring it was carefully inspected and no defect found. It further claimed that there was no such defect in the stringer as to bring to it or its officers constructive notice; that in fact the stringer did not on its surface show any unsoundness. In making this defense, however, defendant was materially restricted by a ruling of the court that defendant's witnesses could not testify that the stringer was sound, appeared to be sound, or that, in passing across the bridge, they noticed no unsoundness in the stringer, the ruling being based on the ground that this was the expression of an opinion. Some testimony along this line was stricken out and some was rejected. It all had to do

with the exterior of the stringer.    In these rulings we think the court was in error.    Had the witnesses been attempting to testify to a latent condition another question would be presented, but that was not the subject of the inquiry.    They were testifying to patent conditions, visual to the eye.    They were testifying to a condition which they saw, not to a result based on a system of reasoning.    They were testifying to a fact, not to a conclusion.    This ruling went to the heart of the defense.    It crippled defendant in two of its claims (1) that the stringer was not in fact defective, and (2) that it did not have constructive notice.

For this error the case must be reversed and a new trial granted.    Defendant will recover costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.