[Civ. No. 5493.   Second Appellate District, Division Two.—May 23, 1927.]

EDWARD RAGOS, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and MARIA L. SCHROEDER,
Respondents.

[1] Workmen's Compensation Act—Injury to Employee While
Cleaning Apartment — Joint Enterprise — Liability of Em-
ployers—Evidence—Findings.—In this proceeding in *certiorari*
to review an order of the Industrial Accident Commission awarding
compensation for injuries, the evidence was sufficient to support
the finding of the commission that the petitioner and another
person were engaged as principals in a joint enterprise in renovat-
ing certain apartments and were jointly liable as employers to an
employee who was injured while cleaning an apartment.

[2] Id.—Credibility of Witness—Weight of Evidence—Certiorari.
In such a proceeding, it is not the function of the reviewing court
to determine the credibility of the witnesses or the weight to be
attached to their testimony.

[3] Id.—Jurisdiction of Reviewing Court—Evidence—Inferences.—
In such a proceeding, the jurisdiction of the reviewing court is
limited to determining whether, with the inferences fairly de-
ducible from the evidence, there is sufficient to support the findings
and award of the commission, and where either of two reasonable
opposing inferences may be drawn, the commission is the final
arbiter.

(1) Workmen's Compensation Acts, C. J., p. 115, n. 37.   (2) Work-
men's Compensation Acts, C. J., p. 123, n. 41.

PROCEEDING in Certiorari to review an order of the
Industrial Accident Commission awarding compensation for
injuries.

The facts are stated in the opinion of the court.

Anderson & Anderson for Petitioner.

G. C. Faulkner for Respondents.

JOHNSON, J., *pro tem.*—This is a proceeding on the
petition of Edward Ragos for a review of an award against

3.   See 27 Cal. Jur. 378.

him by the Industrial Accident Commission in favor of Mrs. Maria L. Schroeder for payment of $184.19, together with the sum of $14.82 per week from March 27, 1926, until termination of disability or the further order of the Commission. The award is based upon a finding that Mrs. Schroeder was temporarily disabled by reason of an injury sustained on December 22, 1925, in the course of and arising out of her employement while employed both by the petitioner and Mrs. A. M. Allen, his mother-in-law, the award being not only against Ragos but also against Mrs. Allen. The petition for review is, however, that of Ragos alone; and the sole question involved is whether there is sufficient evidence in the record to support the award against him. Neither Ragos nor Mrs. Allen carried compensation insurance.

The matter was first heard before Letus N. Crowell, referee, on April 20, 1926, and his decision in favor of Mrs. Schroeder, and against both Ragos and Mrs. Allen, was approved and award made by the Commission on April 29th. Thereafter, on the petition of Ragos and Mrs. Allen, a rehearing was granted to consider further whether both were the employers or only one; and on July 26, 1926, the parties and their witnesses were examined at length before A. B. Harris, referee, after which the Commission, on September 15, 1926, re-adopted the original findings and reaffirmed the award previously made against both Ragos and Mrs. Allen.

Ragos was the owner of an apartment house in Long Beach, containing twenty-five apartments and known as the Ward Apartments. The house and the furniture had been leased to a tenant named Morris, whose management, after a trial of a few weeks, proved unsuccessful; and before the injury to Mrs. Schroeder, Ragos had resumed possession and had made some business arrangement regarding the premises with his mother-in-law, Mrs. Allen. Mrs. Allen testified that she had bought the furniture from Ragos, while Ragos said he had leased the building with the furniture to Mrs. Allen; and there was introduced in evidence a lease bearing date December 12, 1925, which is in terms a lease for one year of the apartment house with its furnishings and furniture at a rental of $350 a month. Under previous tenants the

building had apparently been neglected to some extent, and needed renovation, and when it came back into the possession of Ragos, he testified: "I agreed with Mrs. Allen we would go in there and fix the rooms all up; tint them, repaper them and do whatever they needed. I worked my help exclusively and she hired hers." Among other things, Ragos stated that some of the windows needed repairs, and it was while Mrs. Schroeder was cleaning one of the windows, which was smeared with putty, that she was injured. Ragos stated in his testimony that Morris surrendered possession to him on December 10, 1925, but Mrs. Allen said that she took over the apartments on December 9th. There was evidence of the night watchman, however, as well as of Mrs. Schroeder, that Ragos and Mrs. Allen had taken possession in the early part of November.

Mrs. Schroeder had been an occupant of one of the apartments for about two years, and earned her living by doing housework by the day at the rate of fifty cents per hour. She was directly hired by Mrs. Allen, and, according to Mrs. Schroeder's testimony, she had been continuously at work cleaning the various apartments for at least a week before the injury occurred. Her testimony is that while she was engaged in apartment number 21, on December 22, 1925, cleaning a heavy window which had had new panes inserted, but the cords of which were either lacking or defective, the sash fell upon her right hand with such force that she fainted, and, as the award states, thereby suffered a contusion of the third and fourth metacarpal bones, followed by, or resulting in, traumatic neuritis and dermatitis. There is a further finding that the injury caused temporary total disability of continuance still indefinite, and compensation was awarded in the amounts stated.

There is considerable conflict in the testimony, and so great is the variance on material points that there is reason to believe that the Commission discredited the testimony of both Ragos and Mrs. Allen. Not only did both deny that Mrs. Schroeder had done work in apartment 21, but Mrs. Allen further denied that Mrs. Schroeder had been employed at all on December 22d, and insisted that she had been hurt while doing her own work in her own apartment.

[1] Doubt of the genuineness of the lease between Ragos and Mrs. Allen is expressed by the attorney for the Commis-

sion; and it is to be noted that while the lease to Mrs. Allen is dated December 12, 1925, and calls for payment of a rent of $350 per month, there was no evidence, either at the original hearing in April, 1926, or at the later hearing in July, that any rent had ever been paid by Mrs. Allen. Whatever may be the true character of the lease, and whatever its true date, it is a fair inference from the evidence and the conduct and relations of the parties that Ragos and Mrs. Allen were engaged together in renovating the apartments; and though Mrs. Allen gave her individual attention to the cleaning while Ragos attended to the mechanical and structural repairs, still they were both engaged as principals in a joint enterprise to an extent which made them jointly liable as employers of the woman hired to do such cleaning as might be required in the common work of renovation.

The evidence shows that on the day following the injury Ragos suggested that Mrs. Schroeder consult Dr. Tollesen, and gave her his own card, on which he wrote the doctor's name and address. Upon this suggestion Mrs. Schroeder then placed herself under Dr. Tollesen's treatment, which continued for twenty-one days; and Dr. Tollesen in his testimony said that the Ward Apartments promised to pay his bill. Moreover, while Mrs. Allen ordinarily directed Mrs. Schroeder as to the work for each day, there is some evidence also that on one occasion, shortly before the injury, Ragos directed her to clean the kitchen floor in an apartment where he was about to lay linoleum.

[2] It is not the function of the court in a proceeding of this character to determine the credibility of the witnesses or the weight to be attached to their testimony. [3] Its jurisdiction is limited strictly to determining whether, with the inferences fairly deducible from the evidence, there is sufficient to support the findings and the award of the Commission; and where either of two reasonable opposing inferences may be drawn, the Commission is the final arbiter. (*Walker* v. *Industrial Acc. Com.*, 177 Cal. 737 [L. R. A. 1918F, 212, 171 Pac. 954]; *Eastman* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17]; *Tartar* v. *Industrial Acc. Com.*, 191 Cal. 703 [218 Pac. 39].) After a careful reading of the record we conclude that the rule applied in *Gray* v. *Industrial Acc. Com.*, 34 Cal. App. 713, 714, 715 [168 Pac. 702],

is applicable here; and that it must be said that the evidence as a whole is sufficient to support the decision that both Ragos and Mrs. Allen were jointly interested and are to be regarded as joint employers.

The award is affirmed.

Works, P. J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1927.

Curtis, J., dissented.