[Civ. No. 4714.   Third Appellate District.—September 29, 1932.]

MRS. EMMA BEHR, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION and MRS. N. C. BENNING,
Respondents.

Burt W. Busch and Arthur M. Dean for Petitioner.

A. I. Townsend and W. H. Hazell for Respondents.

THOMPSON (R. L.), J.—This is a petition to review an
award of damages which was rendered on account of in-

juries which were sustained by the respondent Nancy C. Benning in the course of her employment in preparing fruit for a process of curing.

The petitioner owns a 95-acre fruit ranch in Lake County. In the month of June, 1930, she employed the claimant to assist her in cutting apricots for the purpose of drying them. She was paid for this service at the rate of thirty cents a box. There was no agreement to cut a specified amount of fruit. The cutting of fruit was performed in a shed which was situated on the petitioner's premises, 250 yards distant from her dwelling-house. A well-defined pathway leads from the house to the shed.

There is a conflict of evidence, but the following statement of facts is adequately supported by the record. The claimant resided in Sonoma. She was temporarily visiting with her sister who lived on the property adjoining the petitioner's farm. These three ladies were engaged in cutting apricots at the petitioner's shed prior to the occurrence of the accident which is involved in this proceeding. The cutting of fruit was done under the direct supervision of the petitioner. In going to and returning from their work the claimant and her sister were accustomed to pass the petitioner's dwelling-house along the pathway mentioned. They carried with them their luncheons. With the consent or at the request of the petitioner they ate their luncheons with her at the table in her home.

On the second day of their employment these ladies went from the shed to the petitioner's home on the same premises for lunch. After completing the meal, the claimant told the petitioner they required at the shed some drinking water and a pail in which to wash their hands when they became smeared with fruit. The petitioner directed the claimant to take a canteen of water which hung from a nail on the porch, and the bucket which stood near by and carry them to the shed. Both the canteen of water and the pail were intended for the general use of the employees at the shed. Mrs. Benning thereupon picked up the pail and taking the canteen of water proceeded to carry them toward the shed. She had walked along the pathway but a short distance when she stepped upon an olive pit or some small rolling object and fell, breaking her ankle. She

was seriously injured. A physician was called to set her ankle. He rendered medical aid.

In due time a claim for compensation was made. The Industrial Accident Commission found that the claimant was employed by the petitioner to prepare fruit for drying, and that she sustained a broken ankle from an accident which occurred in the course of her employment. An award of damages was rendered in her favor and against the petitioner. The cause was brought to this court by means of a petition for a writ of *certiorari*.

The petitioner contends that the award should be annulled for the reason that the claimant was engaged at the time of the accident in cutting fruit as an independent contractor and not as an employee; that she was not injured in the course of her employment, but upon the contrary that she sustained the broken ankle at the noontime when she was not engaged in her employment, and that the petitioner is relieved of responsibility by virtue of the application of the established rule of "going and coming" from work.

Under the circumstances of this case it appears that the claimant was an employee in the cutting of the fruit and not an independent contractor. She worked under the direct supervision of her employer and subject to her control. (*Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570, 571].) In this cited case wherein the employee was engaged in shingling a house in consideration of a specified sum for each thousand shingles laid, it is said:

"A workman who is paid wages by the piece or quantity comes within the provisions of the Workmen's Compensation Act the same as one who is paid by the day. Wages may be measured by time, by the piece, or by any other standard. (*McKinstry* v. *Guy Coal Co.*, 116 Kan. 192 [38 A. L. R. 837, 225 Pac. 743], and note in 38 A. L. R. 839.) One of the best tests to determine whether the relation is that of an independent contractor or that of employer and employee is the right of control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent."

In the same case it is further said: "Whether or not the relation of employer and employee existed in this case, under the oral contract entered into, is a question of mixed law and fact, to be proved like any other question. The finding of the commission, in effect, that the relation (of employer and employee) existed between Hillen and Downing is binding on this court. (*Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.,* 180 Cal. 497, 499 [181 Pac. 788].)"

In support of the finding of the Commission to the effect that the employer in the present case had the absolute right to direct and control the manner of the performance of the work of the claimant in cutting the apricots, she testified: "Q. Did Mrs. Behr, all the time you were employed there have direction and supervision of the work that was going on? A. She certainly did, nobody else there." Regarding the same subject, Laura Taylor, the sister of the claimant, also testified: "Q. Mrs. Behr would direct you every day what was to be done, whether picking or cutting or both? A. Yes."

We are also satisfied that the record amply supports the findings of the Commission to the effect that the claimant was injured "in the course of and arising out of her employment". At the time of the accident she was returning to her place of employment along the pathway she and other employees were accustomed to walk on their way to the shed. She was engaged in carrying a canteen of water and a pail for the general use of the employees at the shed. She claims to have been carrying it at the request of the petitioner. There is no controversy regarding the fact that she was actually on the premises of the employer. The Supreme Court in the case of *Makins* v. *Industrial Acc. Com.,* 198 Cal. 698 [49 A. L. R. 411, 247 Pac. 202], has said:

"The rule is well settled that an employee, in going to work, comes under the protection of the act when he enters the employer's premises or upon the means provided for access thereto, though the premises and such means of access are not wholly under the employer's control or management." (*Globe Indemnity Co.* v. *Industrial Acc. Com.,* 208 Cal. 715 [284 Pac. 661] ; *State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 89 Cal. App. 197 [264 Pac.

514]; *Cromwell* v. *Los Angeles Ry. Co.*, 102 Cal. App. 499 [283 Pac. 375].)

In the case last cited, the late Mr. Justice Finch quoted with approval the following principle: " 'It is not necessary, in order to entitle the employee to compensation, that at the time of the accident he have reached the place of employment and have actually begun there to render service. It is sufficient if he has come to the employer's premises and is seeking entrance thereto by means of access provided by the employer or reasonably used by the employee.' "

It frequently becomes a question of fact to be determined from the circumstances of a particular case as to whether an employee is engaged in the labor for which he was hired, or whether his activities at the time of the accident are incident to such services so as to bring his conduct within the course of or arising out of the employment. Under the circumstances of the present case, we are persuaded that the claimant was injured in the course of and arising out of her employment.

The award is affirmed.

Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1932.