[Civ. No. 9098. First Appellate District, Division One.—December 27, 1933.]

EVA R. JENKS, Petitioner, v. EDWARD CAREY et al., Respondents.

Francis Gill for Petitioner.

Edward A. Corten, A. I. Townsend, Redman, Alexander & Bacon and R. P. Wisecarver for Respondents.

THE COURT.—Theodore R. Jenks in his lifetime was employed by respondent Carey as an insurance salesman. He received a salary and commission. On Sunday, August 21, 1932, between 5 and 6 o'clock A. M., while at his home he received a telephone call from A. L. Dutra, who stated that he had met with an automobile accident and requested decedent to come to his assistance. Decedent agreed and drove his automobile to the scene of the accident. Upon his arrival he volunteered to take Dutra to the hospital. While proceeding to do so another accident happened, as the result of which decedent was injured and subsequently died. Decedent and Dutra were friends, and the latter carried insurance which had been solicited by decedent and written by companies represented by respondent Carey.

Petitioner claimed that the injury arose out of and in the course of the decedent's employment. The commission found against her and denied an award. A petition for rehearing was denied, following which the present proceeding in *certiorari* was commenced.

The petitioner contends that the commission's findings are not supported by the evidence.

Respondent testified that while his office was closed on Sundays, decedent worked at all hours; that in case a car owner carrying insurance written through his office should meet with an accident and call for assistance he expected decedent to respond and if necessary take such person to the hospital. Neither decedent nor respondent's other employees had previously rendered the latter service, their instructions being to make a report of the circumstances of the accident, obtain the names of witnesses, and, if the injured car needed repairs, to notify a garage or repairman. The employees were also instructed generally to exert themselves in procuring new business and keeping the assured satisfied. It was also testified that respondent had previously responded to similar calls. Said respondent also stated that had he carried no insurance he would have been unwilling to pay the compensation sought by said petitioner, but later testified that the fact that he was insured did not influence his opinion as to his liability. An insurance solicitor employed by Carey testified that he would have followed the course pursued by decedent under the same

circumstances, but stated that his instructions were as testified by respondent. Other witnesses testified, but the foregoing is in substance the only testimony given on the question of decedent's authority or duties.

The petitioner contends that the testimony being uncontradicted the commission could not properly disregard it, and was bound to accept it as proof that decedent was injured in the course of his employment.

■ It is the rule in ordinary actions that where the duty of an employee under given circumstances is not a matter for expert testimony the opinions of witnesses are not admissible (*Winslow* v. *Glendale Light & Power Co.*, 164 Cal. 688 [130 Pac. 427]; *Waniorek* v. *United Railroads*, 17 Cal. App. 121 [118 Pac. 947]; *Simon* v. *McCoy*, 28 Cal. App. 523 [153 Pac. 406]; *King* v. *Cline*, 49 Cal. App. 696 [194 Pac. 290]; *Central R. R. Co.* v. *DeBray*, 71 Ga. 406; *McIsaac* v. *Northampton Electric Lighting Co.*, 172 Mass. 89 [51 N. E. 524, 70 Am. St. Rep. 244]; *Krueger* v. *Chicago etc. Ry. Co.*, 84 Mo. App. 366; *Providence Tool Co.* v. *United States Mfg. Co.*, 120 Mass. 35; *Wolverton* v. *Village of Saranac*, 171 Mich. 419 [137 N. W. 211]). Such testimony if admitted is entitled to little weight (*Waizman* v. *Black*, 101 Cal. App. 610 [281 Pac. 1087]). However, the commission has power to use as proof evidence which would not be admissible under the ordinary common-law or statutory rule of procedure (*Western Pipe etc. Co.* v. *Industrial Acc. Com.*, 194 Cal. 379 [228 Pac. 859]). But it is clear that such opinions, although undisputed, are insufficient to compel findings in accordance therewith, and the question of their weight is for the commission.

■ It has been held that an employee is in the course of his employment when he does those reasonable things which his contract with his employer expressly or impliedly permits him to do (*Hartford Acc. & Indem. Co.* v. *Industrial Acc. Com.*, 202 Cal. 688 [262 Pac. 309, 58 A. L. R. 1392]), and also where in the course of his employment he is confronted with a sudden and unexpected situation which, without opportunity for reflection, impels immediate action, resulting in injury (*Ocean Acc. etc. Corp.* v. *Industrial Acc. Com.*, 180 Cal. 389 [182 Pac. 35]). The same rule applies if the act done is customarily associated with his duties (*Southern Pac. Co.* v. *Industrial Acc. Com.*, 177

Cal. 378 [170 Pac. 822]), or where, although not directed to do the particular act from which he suffered injury, he believed in good faith that he was following the directions of his superior (*Myers* v. *Industrial Acc. Com.*, 191 Cal. 673 [218 Pac. 11]). ■ But an injury received while voluntarily doing something outside of his employment, even though for the benefit of his employer, is not an injury suffered in the course of employment (*Engels Copper etc. Co.* v. *Industrial Acc. Com.*, 183 Cal. 714 [192 Pac. 845, 11 A. L. R. 785]). ■ However, the questions whether he was expressly or impliedly directed to do the act from which the injury arose, or believed in good faith that he was authorized, are for the determination of the fact-finding body, and findings of fact based upon the weight and credit to be given the testimony of witnesses or the fair inferences to be drawn from the evidence are conclusive upon the reviewing court (*Myers* v. *Industrial Acc. Com.*, *supra*). ■ The burden is upon the claimant to establish the fact that the injury arose out of and in the course of the employment (*George L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 Pac. 17]), and, as stated above, the weight and sufficiency of the evidence and the credibility of the witnesses are matters to be determined by the commission (*State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996]; *Ragos* v. *Industrial Acc. Com.*, 83 Cal. App. 313 [256 Pac. 487]). Its findings are not reviewable where they find support under any rational view of the evidence (*North Pacific Steamship Co.* v. *Industrial Acc. Com.*, 174 Cal. 500 [163 Pac. 910]; *Southern Pac. Co.* v. *Industrial Acc. Com.*, *supra*). The same rule applies even though the reviewing court may think that other inferences might fairly have been drawn from the evidence, or that a different conclusion should have been reached (*Hartford Accident & Indemnity Co.* v. *Industrial Acc. Com.*, *supra; Clopton* v. *Clopton*, 162 Cal. 27 [121 Pac. 720]). Nor is it necessary that the findings shall in the opinion of the reviewing court accord with the preponderance of the evidence (*San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273, 283 [191 Pac. 26]).

A witness is presumed to speak the truth (Code Civ. Proc., sec. 1847), and the direct evidence of one witness entitled to full credit is sufficient for the proof of any fact

except perjury and treason (Code Civ. Proc., sec. 1844). It has accordingly been held that as a general rule the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact (*Davis* v. *Judson,* 159 Cal. 121 [113 Pac. 147]). Nevertheless, as pointed out in the above and numerous other cases, the rule has its exceptions, and the most positive testimony may be contradicted by circumstances in evidence in connection with the matter which satisfy the court of its falsity, and the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statements (*Quock Ting* v. *United States,* 140 U. S. 417, 420 [11 Sup. Ct. 733, 35 L. Ed. 501]; *Michener* v. *Hutton,* 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]; *Staples* v. *Hawthorne,* 208 Cal. 578 [283 Pac. 67]; *Wilson* v. *Wood,* 69 Cal. App. 552 [231 Pac. 1010]). As was said in *Blankman* v. *Vallejo,* 15 Cal. 638, a court may reject the most positive testimony, although the witness be not discredited by direct testimony impeaching him or contradicting his statements. See, also, *Davis* v. *Judson, supra; De Arellanes* v. *Arellanes,* 151 Cal. 443 [90 Pac. 1059]. In *Singer* v. *Industrial Acc. Com.,* 105 Cal. App. 374 [287 Pac. 567], relied upon by petitioner, as recited in the opinion in that case, the facts were not disputed, and it was held that but one inference could reasonably be drawn therefrom, namely, that the injury arose out of and in the course of the employment; and in *Pacific Indemnity Co.* v. *Industrial Acc. Com.,* 105 Cal. App. 535 [288 Pac. 129], the inference drawn by the commission that the injured employee was acting within the actual scope of his employment was held to be supported and the award affirmed. So in other cases cited by petitioner it was held that the evidence, if accepted as true by the commission, supported its findings (*Elk Grove etc. District* v. *Industrial Acc. Com.,* 34 Cal. App. 589 [168 Pac. 392]; *Maryland Casualty Co.* v. *Industrial Acc. Com.,* 39 Cal. App. 229 [178 Pac. 542]; *Pacific Employers' Ins. Co.* v. *Industrial Acc. Com.,* 79 Cal. App. 195 [249 Pac. 33]; *Los Angeles County* v. *Industrial Acc. Com.,* 89 Cal. App. 736 [265 Pac. 362]; *Federal Mutual etc. Ins. Co.* v. *Industrial Acc. Com.,* 94 Cal. App. 251 [270 Pac. 992]; *Behr* v. *Industrial Acc. Com.,* 126 Cal. App. 522 [14 Pac. (2d) 915]; *Western Pac. Ry. Co.* v. *Industrial Acc.*

*Com.*, 193 Cal. 413 [224 Pac. 754]). To the same effect is *Voehl* v. *Indemnity Insurance Co. of North America*, 288 U. S. 162 [53 Sup. Ct. 380, 77 L. Ed. 676].

With the exception of the Singer case it was claimed in the California cases last cited that the employee had deviated from the course of his duty and at the time of his injury was doing something outside of his employment, but, as the court held, the question was one for the commission, and, there being evidence supporting its finding, the same could not be disturbed. The same rule was followed where it was claimed that the employee at the time of his injury was engaged in an excluded employment (*George* v. *Industrial Acc. Com.*, 178 Cal. 733 [174 Pac. 653]; *Crockett* v. *Industrial Acc. Com.*, 190 Cal. 583 [213 Pac. 969]); and in analogous cases, where recovery was sought for the negligence of an employee, it was held that the question whether he was acting within the scope of his employment or had deviated so materially therefrom as to constitute a complete departure is one for the jury unless the deviation is so slight or so marked that the court can say that no conclusion other than that the act was or was not a departure could properly be drawn (*Gousse* v. *Lowe*, 41 Cal. App. 715 [183 Pac. 295]; *Dennis* v. *Miller Automobile Co.*, 73 Cal. App. 293 [238 Pac. 739]; *Kruse* v. *White Bros.*, 81 Cal. App. 86 [253 Pac. 178]; *Waack* v. *Maxwell Hardware Co.*, 210 Cal. 636 [292 Pac. 966]).

The witnesses in the present case were not wholly disinterested. The employer, who was fully protected from liability, as well as the decedent's fellow employees, evinced a desire—which was natural under the circumstances, to testify to such conclusions, in addition to the facts claimed to be true, as would support a recovery against the insurance company. While this testimony, if believed by the commission, would have been sufficient to support an award, nevertheless the questions of credibility and weight as well as the inferences to be drawn from the circumstances were to be decided by that body, and, as stated, this court is without power to determine these questions (*Southern Pac. Co.* v. *Industrial Acc. Com.*, *supra*).

We cannot say that the commission acted arbitrarily or that its conclusions are unsupported or unreasonable. Where such is the case, as held in the above decisions, we

cannot set aside its findings or the award based thereon. The award is affirmed.

'An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 21, 1934.