The petitioner was the insurance carrier of Monroe, Lyon 
Miller, a real estate firm engaged in the sale of a subdivision of a tract of land near Aptos, in Santa Cruz County. The firm had its principal place of business in the city and county of San Francisco and engaged district managers to establish and maintain branch offices in the cities of San Jose, San Francisco, San Mateo, Sacramento, Stockton, and Fresno. One Stewart was thus engaged as the district manager at the city of Sacramento, and while returning from Aptos with a party of prospective purchasers *Page 197 
and passing through the city of San Francisco he received injuries to his left shoulder in attempting to board a street-car at the ferry building in the latter city. After due proceedings had the respondent Commission awarded him the sum of $26.78, which award the petitioner now asks this court to annul upon the ground that the evidence does not support the finding of the Commission as to the status of Stewart as an employee of the real estate firm or the finding that he was injured while in the course of his employment.
[1] The case must be considered in view of the well-known rule that if any facts appear in the record supporting the findings of the respondent those findings may not be disturbed in a proceeding of this kind. [2] Briefly, the facts upon which the findings were made are that on June 1, 1925, Stewart, who had theretofore been employed as a secretary of a saddlery firm in San Francisco, was engaged by the real estate firm to go to Sacramento and open a branch office for the firm in that city for the purpose of conducting sales of the Aptos property in that district. At that time the firm obtained for Stewart a license as a real estate salesman in which he was described as an employee of the firm. All signs and notices of the branch office in Sacramento were required to be in the name of the real estate firm and all business was required to be conducted in that name and Stewart was designated by the firm as an employee with the title of district manager, but with the understanding that he was to act in the capacity of an employee only. This was all evidenced by letters addressed to Stewart by the real estate firm prior to his employment and which constituted the contract of employment between the parties. At all times up to the date of his injuries Stewart acted in the capacity of district manager for the real estate firm under definite rules and instructions issued periodically by the firm to its various district managers. By the terms of the contract he was to receive a commission upon the gross sales which were made from his office and was also to receive from the firm literature and similar supplies to be used in the conduct of his office. Inasmuch as under subdivision b of section 8 of the Workmen's Compensation Act (Stats. 1917, pp. 831, 835) any person rendering service for another other than as an independent contractor or one expressly excluded *Page 198 
by the act "is presumed to be an employee within the meaning of this act," the burden of proof is on the party asserting it to show that one rendering service for another is not an employee within the meaning of the act. (Workmen's Compensation Act, sec. 19 d-1.) The evidence which we have noted, taken with this presumption, is fully sufficient to support the finding of the relation of employer and employee.
[3] When Stewart left his party at the ferry building at San Francisco he boarded a street-car of the Market Street line for the purpose of meeting his wife, who had remained in San Francisco during the day for the purpose of attending to a personal errand and also for the purpose of arranging meetings for her husband with two prospective purchasers. The arrangement between Stewart and his wife when he left her in San Francisco and departed for Aptos was that upon his return he would meet her at a certain hotel in San Francisco and learn from her what appointments or engagements she had made with these two prospective purchasers. The fact that because of his injury while on this errand he was unable to meet these prospects does not support the contention that he was not in fact engaged in the service of his employer at the time of his injury. Though the evidence tending to show that Stewart was then engaged in the service of his employer is meager, nevertheless it is some evidence which, if believed by the respondent Commission, is sufficient to support the finding.
Upon the entire record, therefore, we cannot say that there is not some evidence to support both findings under attack.
Award affirmed.
Tyler, P.J., pro tem., and Sturtevant, J., concurred. *Page 199