The judge of the superior court erred in reversing the award of the Industrial Board denying compensation to the claimant.
 DECIDED FEBRUARY 7, 1941. REHEARING DENIED MARCH 26, 1941.
Mrs. Willie E. Harden filed her claim with the Industrial Board for an alleged accidental injury which she claimed was sustained by her in the course of and within the scope of her employment. She testified substantially that she had been working for about two years for her present employer, though for over a year she was with another concern; that she became ill on February 10, 1939, between 11:30 and 12:00 o'clock; that at the time she was operating a machine making a bedspread; that while she was sewing a pain struck her in the shoulder; that she tried to work on, but the pain was so severe that she could not use her hand, and since it was so near noon she desisted, and sewed only about fifteen more minutes before stopping for lunch; that her arm continued to hurt, and she was unable to eat much; that she went to get her time-card and was checking it, and during this time she felt *Page 594 
dizzy; that she called to the woman sitting next to her to get her card off the table, that she could not reach it, and this woman looked at her and told her that she was sick; that aid was called, and ammonia administered to her; that the doctor was called, and she was then taken home; that when she got home she remained in bed for a month; that she told a fellow employee when the pain struck her that she would stay at the mill until after lunch to see if she felt better; that she is unable to use her arm, and her leg is stiff; that two or three days before this happened she would go home tired, and at times had to be carried home; that on the morning of the attack her husband advised her not to go to work, but she went because she was afraid she would lose her job if she did not; that some of the spreads she had to make were more difficult than others, and were quite difficult; that while she was employed the wage-and-hour law went into effect, and the employees had to work harder in order to make the quota set for them, and as a result of this she was constantly worried about losing her job. On cross-examination she testified that she checked out of the plant at 12:00 o'clock, and had her lunch; that she was having her lunch when the attack took place between 12:30 and 1:00 o'clock; that during her employment she made overtime whenever the opportunity was given her; that several days before the attack her arms and shoulders were so tired she could hardly use her arm; and that she attributed this feeling to her hard work.
Dr. J. H. Steed testified that he examined the claimant on the day of the attack, and found that she had had a stroke of paralysis; that she had high blood pressure; that worry over losing her job and hard work could very easily have aggravated her condition; and that the first thing prescribed for high blood pressure patients was quiet and freedom from worry. Dr. Trammell Starr testified, that he examined the claimant and found that she was forty-three years old and suffering from high blood pressure; that a person with the pressure of the claimant was on thin ice all the time, and was liable to have a rupture of a blood vessel at any time; that even though intense effort might aggravate the condition, strokes as in this case often happened when the patient was asleep; that the eating of food could have helped bring on the stroke, because of the necessary increased activity of the heart. Other testimony was offered, showing the kind of work done by the claimant, and showing *Page 595 
that the spreads she was working on were not difficult, but rather easy to make.
The director found as a fact that no accident had occurred which would entitle the claimant to compensation. This award was affirmed by the board. On appeal to the superior court the award was reversed, and the exception is to this judgment.
The judge of the superior court erred in reversing the award of the Industrial Board, which denied compensation to the claimant. Notwithstanding the fact that the claimant testified that she had a sharp pain in her shoulder before her lunch time, she testified that she continued to work, and that while she was eating her lunch she became sick and suffered a stroke. She also testified that she was advised by her husband on the morning of the attack that she should not go to work on account of her physical condition. In cases of this kind the burden of proof is on the claimant to establish the fact that he has sustained an accidental injury such as is contemplated by the workmen's compensation act. The Industrial Board found as a fact that this burden had not been carried by the claimant. This finding is binding on all courts when there is evidence in the record to support it. The evidence in the present case does not exclude every reasonable hypothesis except that the claimant had sustained an accidental injury. Since this is true, the claimant has failed to carry the burden, and the court erred in reversing the award of the Industrial Board. "If the facts are consistent with either of two opposing theories, they prove neither." United States Fidelity Guaranty Co. v. Des Moines National Bank, 145 Fed. 273; Federal Reserve Bank v.Haynie, 46 Ga. App. 522 (168 S.E. 112); Taylor v.State, 44 Ga. App. 387 (161 S.E. 793).
Judgment reversed. Sutton, J., concurs. Stephens, P. J.,concurs in the judgment.