34370. SHELBY MUTUAL CASUALTY COMPANY *et al.* *v.* HUFF, as next friend.

Decided January 27, 1953.

464

J. *Winston Huff, Powell, Goldstein, Fraser & Murphy,* for plaintiff in error.

*Herschel Maddox,* contra.

TOWNSEND, J. (After stating the foregoing facts.) In a workmen's compensation proceeding the burden is upon the claimant to establish by evidence that the employee has sustained an accidental injury such as is contemplated by the act. *American Mutual Liability Co.* v. *Harden,* 64 *Ga. App.* 593 (13 S. E. 2d, 685). "It must result from this that a finding of fact made by the commission can not be based on mere conjecture any more than can a finding of fact made by a court." *Lathem* v. *Hart-*

*ford Accident & Indemnity Co.*, 60 *Ga. App.* 523, 527 (3 S. E. 2d, 916).

Where it is shown that the cause of death is cerebral hemorrhage, "unless and until some method is developed to ascertain with some degree of certainty that such an attack is not contributed to by exertion, we think that knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, authorized the finding in this case, on the weight of reasonable probabilities, that the amount of exertion in this case contributed to the cerebral hemorrhage which caused the deceased's death." *Hartford Accident & Indemnity Co.* v. *Waters*, 87 *Ga. App.* 117 (73 S. E. 2d, 70).

Where it is shown that the cause of death is cerebral hemorrhage or some other disease with which exertion on the part of the employee as shown by the evidence may be expected to concur in precipitating an attack, and where such employee, so suffering, exerts himself in the course of his employment, these facts are sufficient under the above ruling to authorize an award in the claimant's favor. Both the disease and the exertion must be shown, however. Here there is no evidence whatever as to the cause of death, nor even evidence from which an inference can legitimately be drawn that the deceased was suffering from heart disease at the time—in view of the fact that less than three weeks previously the deceased was examined for heart trouble and the findings were negative.

The claimant here is confronted by the fact that there is no evidence in the record as to the cause of death. We are unable to find any authority for the proposition that mere proof of exertion on the part of the employee could be held to contribute to a death the cause of which is not stated, since exertion might contribute to the fatal attack in some diseases but not in others. Perhaps the most nearly comparable case is that of *Lumbermen's Mutual Casualty Co.* v. *Bridges*, 81 *Ga. App.* 395 (58 S. E. 2d, 849). There the deceased had complained of pains in his chest and also of heartburn; the medical witness testified that if a man had complained of heartburn and pain in the chest that would "render a coronary thrombosis more likely," and that this "made the final diagnosis as stoppage of the coronary arteries

pretty decisive." Nothing appears from the record here, however, except a medical opinion that "a man could suffer from coronary occlusion as the result of climbing a ladder"; but the physician did not form an opinion as to whether the employee did suffer such an attack from climbing a ladder, and further stated that he was unable to state an opinion as to the cause of death. His further testimony that he "surmised" a coronary occlusion to be the cause of death because he "understood that the doctor at Grady Hospital found out it was an occlusion" was of course hearsay evidence, to which proper objection was interposed.

It follows, therefore, that where there is no evidence, opinion or otherwise, as to the cause of death, an inference cannot legitimately be raised that the normal exertion of the employee, not shown to be unusual or severe, in the course of his daily employment contributed to aggravate another and unspecified disease so as to contribute to the death of such employee.

The judge of the superior court erred in affirming the award of the Board of Workmen's Compensation.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*