35735. Horner *v.* Hartford Accident & Indemnity Co. *et al.*

Nichols, J. 1. In a workmen's compensation proceeding the burden is upon the claimant to establish by evidence that the employee has sustained an accidental injury such as is contemplated by the act. *American Mutual Liability Ins. Co.* v. *Harden,* 64 *Ga. App.* 593 (13 S. E. 2d 685); *Shelby Mutual Casualty Co.* v. *Huff,* 87 *Ga. App.* 463 (74 S. E. 2d 251).

2. "Where there is no evidence as to the cause of death of an employee who collapses and almost immediately dies while engaged in the course of his normal and daily employment, there is nothing upon which a finding of fact that such employee sustained an 'accident arising out of' his employment may be predicated." *Shelby Mutual Casualty Co.* v. *Huff,* supra.

3. The trial court did not err in affirming the finding of the State Board of Workmen's Compensation that the evidence did not show that the deceased died as the result of an "accident arising out of" his employment.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

Decided September 7, 1955.

*Wm. P. Kennedy,* for plaintiff in error.

*B. Lamar Tillman,* contra.

Mrs. Vernia Horner filed a claim against The Langdale Company and Hartford Accident & Indemnity Company for compensation for the death of her husband, Leo Horner, an employee of The Langdale Company.

On the hearing it was stipulated that the deceased was in the employ of the defendant employer at an average weekly wage of $37, on July 8, 1954, the day when he died, and that he suffered

an attack during his employment and died almost immediately. The employer denied that the employment had anything to do with the attack. A death certificate was introduced into evidence which showed the cause of death as being "Natural causes unknown," and that the deceased was "examined after embalmed on July 9, 1954." The claimant testified that the deceased had, some two months prior to his death, complained of his back hurting on the right side, that she rubbed it with liniment, and that he didn't complain of it hurting him after that time. He was in pretty good health. Roosevelt Stevens testified that he was working with the deceased on the day of his death; that the deceased never complained of any pain; that on the day of his death the witness and the deceased had quit the job of "jacking lumber" when the supply was exhausted; that they had walked over to the water keg, smoked a cigarette, and talked a few minutes, and then the deceased had started his job of "greasing the track," which he was doing leisurely; that his work did not require any bending or stooping; and that after he greased two tracks and started on the third one, he fell down on his back and died before an ambulance came. Roy Samson testified that, some time prior to his death, the deceased asked him if he was ever sore from work, and upon receiving an affirmative answer, asked Samson what he did for it and was advised that he rubbed the sore place with liniment; and that the deceased at that time complained of his shoulders being sore. The witness testified that he was not present at the time the deceased suffered his attack, and that at the time he came up, some thirty minutes later, the deceased appeared to be dead. Dr. Van Bennett, a witness for the defendants, testified in response to a hypothetical question based upon the evidence presented that he could not give a reliable opinion as to the cause of death, but *assuming* that the deceased died of a heart attack, he did not believe that the work of handling lumber contributed to the attack because of the length of time after he stopped handling lumber when the attack occurred (the deceased walked to the water keg, smoked a cigarette, and talked to a fellow employee, and then began greasing the tracks); and that, if it had been a heart attack, it would have occurred almost immediately. Gordon Rogers, the Coroner of Lowndes County, testified that he received a call from the under-

taker who embalmed the body before it was examined; that a Dr. D. L. Burns examined the body after it was embalmed and found no evidence of foul play, and filled in the death certificate to show the cause of death as natural causes unknown. Clifford Jackson testified that he saw the deceased fall at the time he had the attack, but that he never heard him complain of any pain or ailment.

Assuming but not deciding that the deposition of Dr. Roy H. McClung is admissible, it has no probative value, for the hypothetical question propounded to him was based partly on facts not presented in evidence at the hearing.

The award of the State Board of Workmen's Compensation was that the claimant did not prove the cause of death, did not prove an accident, and therefore did not prove a causal connection between an accident and injury and the death of the employee. This finding was affirmed on appeal by the Judge of the Superior Court of Lowndes County. To this judgment the claimant excepts.