37121.   GLENS FALLS INDEMNITY COMPANY *et al. v.* GARGAL.

DECIDED APRIL 18, 1958—REHEARING DENIED MAY 1, 1958.

574

*Powell, Goldstein, Frazer & Murphy, J. Winston Huff, C. B. Rogers,* for plaintiffs in error.

*T. V. Williams, Jr., John E. Feagin,* contra.

QUILLIAN, Judge. 1. The finding of facts of the deputy director stated in part that: "After thorough consideration of all the evidence in the case I find as a matter of fact and conclude as a matter of law that Hames Gargal sustained an accident and injury which arose out of and in the course of his employment on November 21, 1956, while doing work for Ship Ahoy Restaurant which was too heavy for one in his condition and that the heavy work and exertion aggravated a pre-existing heart condition and was the proximate cause of his attack at that time and that up until the time of this hearing he had been totally disabled as a result of said injury."

The defendants insist that the deputy director did not find as a matter of fact that the claimant had suffered an accidental injury arising out of and in the course of his employment. With this contention we cannot agree. The finding of fact of the director states in substance that: the claimant sustained an accidental injury which arose out of and in the course of his employment; the proximate cause of this injury, which was a heart attack, was the heavy work and exertion the claimant was performing in compliance with his duties as a butcher.

2. The defendants further insist that there was no competent evidence to support the finding that there was a causal connection between the claimant's employment and his heart attack.

The medical evidence to the effect that the exertion of lifting a block weighing approximately thirty pounds, could have possibly caused the heart attack and that heart disease is associated with overwork, was sufficient to support the finding that there was a causal connection between the claimant's employment and the heart attack. This principle is well stated by Chief Judge Felton in *Hartford Accident &c. Co.* v. *Waters*, 87 *Ga. App.* 117 (73 S. E. 2d 70): "Where there was no expert opinion to the effect that the exertion contributed to the attack, unless and until some method is developed to ascertain with some degree of certainty that such an attack is not contributed to by exertion, we think that knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, authorized the finding in this case, on the weight of

reasonable probabilities, that the amount of exertion in this case contributed to the cerebral hemorrhage which caused the deceased's death. See *Bussey* v. *Globe Indemnity Co.*, 81 *Ga. App.* 401, 405 (59 S. E. 2d 34); *Lumbermen's Mutual Cas. Co.* v. *Bridges*, 81 *Ga. App.* 395, 400 (58 S. E. 2d 849); *Fidelity & Cas. Co.* v. *Adams*, 70 *Ga. App.* 297, 298 (28 S. E. 2d 79); *Travelers Ins. Co.* v. *Young*, 77 *Ga. App.* 512 (48 S. E. 2d 748); *Williams* v. *Maryland Cas. Co.*, 67 *Ga. App.* 649 (21 S. E. 2d 478)."

The above cited cases setting forth what this court feels are sound principles of law, the defendants' request that they be overruled is hereby denied.

The superior court judge did not err in affirming the award of the Workmen's Compensation Board.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*