37786. CRAWFORD W. LONG HOSPITAL *v.* MITCHELL.

Decided September 9, 1959—Rehearing denied September 30, 1959.

*Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.,* for plaintiff in error.

*E. B. Shaw,* contra.

Quillian, Judge. Mrs. Ruth M. Mitchell, on March 24, 1958, filed claim with the State Board of Workmen's Compensation against Crawford W. Long Hospital, self-insurer, for a determination of compensation, medical and funeral expenses due her and her dependency upon her husband, Joseph Grady Mitchell,

an employee of the hospital, and who died at the hospital on June 22, 1957, presumptively of a coronary thrombosis, shortly after noon on that date.

After hearing evidence, one of the deputy directors found that there was no causal connection shown between any work performed by Mitchell and his death on the day of his death as no hypothetical question detailing the work being performed by Mitchell just prior to his heart attack was posed to either of the physicians whose testimony was introduced in evidence, and the deputy director entered on July 31, 1958, an award denying compensation.

On August 1, 1958, Mrs. Mitchell entered her application for review to the State Board of Workmen's Compensation, which on September 8, 1958, affirmed the findings and award of the deputy director.

On September 15, 1958, Mrs. Mitchell entered an appeal to the Superior Court of Fulton County, which on April 6, 1959, entered the following order:

"The above styled case having come on before this court on an appeal from an award of the full board denying claimant compensation, this court upon careful consideration of the case is of the opinion that the direct evidence, the circumstantial evidence, and the reasonable inferences therefrom demand a finding that the deceased died of a diseased heart, and that the final heart attack leading to the deceased's death occurred while he was performing the duties of a general repairman, the very work for which he was employed by the defendant, and that the exertion of this work either caused or contributed to the final attack from which deceased died, and further that said evidence demands a finding for the claimant; therefore the finding of the board denying claimant compensation is reversed and judgment is returned in favor of the claimant, Mrs. Ruth Mitchell."

From that judgment, the hospital has entered a timely appeal to this court.

1. As was said by this court in *Samples* v. *Liberty Mut. Ins. Co.*, 99 *Ga. App.* 41 (107 S. E. 2d 574), "it has long been axiomatic that for an accidental injury [to an employee] to be

compensable under the terms of the Workmen's Compensation Act, it is encumbent upon the injured employee, where his claim for compensation is controverted by the employer, to establish that the accidental injury sustained 'arose out of and in the course of his employment,' and . . . the terms 'arose out of' and 'in the course of' the employment are not synonymous. Both must concur, and this concurrence must be established by adequate proof, to render the injury compensable. *Francis* v. *Liberty Mutual Ins. Co.*, 95 *Ga. App.* 225, 226 (97 S. E. 2d 553); *Weathers* v. *Jones*, 94 *Ga. App.* 50 (93 S. E. 2d 390); *Ladson Motor Co.* v. *Croft*, 212 *Ga.* 275 (92 S. E. 2d 103) . . . It is likewise axiomatic that where there is any evidence to sustain the findings of fact by a deputy director, a director, or the Workmen's Compensation Board, such findings and the award based thereon will not be disturbed by the courts."

2. Where, however, on appeal to the superior court from an award of the State Board of Workmen's Compensation, it appears that the award denying compensation is based on an erroneous conclusion drawn from the facts and the law, such award is properly reversed by the superior court, and that court is authorized to enter proper final judgment based on the facts. *Bituminous Casualty Corp.* v. *Elliott*, 70 *Ga. App.* 325 (28 S. E. 2d 392); *American Mut. Liability Ins. Co.* v. *Brock*, 35 *Ga. App.* 772 (2) (135 S. E. 103); *Employers Liability Assur. Corp.* v. *Hollifield*, 93 *Ga. App.* 51 (90 S. E. 2d 681); and see *Fidelity & Cas. Co.* v. *Adams*, 70 *Ga. App.* 297 (28 S. E. 2d 79).

3. "It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive, and that the employer did not know about the employee's diseased condition. *Lumbermen's Mutual Casualty Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d 84); *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d 478)." *Bussey* v. *Globe Indem. Co.*, 81 *Ga. App.* 401, 404 (59 S. E. 2d 34); *Glens Falls Indem. Co.* v. *Gargal*, 97 *Ga. App.* 573 (103 S. E. 2d 643).

The deputy director, whose award was affirmed by the board, found every fact requisite to the claimant's recovery of compensation for the death of her husband in favor of the claimant except that the director refused to accept the uncontroverted

opinion of an expert cardiologist that there was a causal connection between any work performed by the claimant's husband and the heart condition which caused his death. The director assigned as the reason for her refusal in doing so that no hypothetical question detailing the work being performed was posed to either of the two doctors who gave as their opinion that there was a causal connection between the work and the heart attack from which the claimant's husband died.

The evidence reveals without contradiction that the claimant's husband reported for work in the maintenance department of the defendant hospital at 8 a.m. on June 22, 1957, and that he was pursuing his duties when he suffered a heart attack. The hospital records, which were introduced in evidence, so recite, and the opinions given by the doctors who testified as experts are hypothesized from those records, as well as from the general question as to whether exercise in general could occasion such a heart attack as was suffered by the claimant's husband. "In propounding a hypothetical question . . . all of the facts may be grouped together; but it is not essential to the admissibility of evidence that there should be a complete resume of every fact entering into and involved in the case." *Davis* v. *State*, 153 *Ga.* 669, 675 (8) (113 S. E. 11); *Freeman* v. *State*, 190 *Ga.* 335 (9 S. E. 2d 236). The trial director, consequently, erred in refusing to accept the uncontradicted opinion of the cardiologists that there was a definite connection between the work which Mitchell had done in the course of his employment and the heart attack which caused his death, and in denying compensation. The board also erred in affirming the award based on the same evidence, and the trial court properly reversed the award denying compensation and properly entered final judgment for the claimant. The case should be recommitted to the State Board of Workmen's Compensation, however, in order that an award in favor of the claimant may be entered in accordance with the provisions of Code (Ann.) § 114-413.

*Judgment affirmed with direction. Felton, C. J., and Nichols, J., concur.*