## 38106.   LIBERTY MUTUAL INSURANCE COMPANY
### *et al. v.* SIMPSON.

FELTON, Chief Judge. 1. "Where it affirmatively appears from the award in a workmen's compensation proceeding that it is based upon an erroneous legal theory, the case should be remanded to the board for further findings." *Borden Co.* v. *Dollar,* 96 *Ga. App.* 489, 490 (100 S. E. 2d 607).

2. The award in this case was based on an erroneous legal theory that the board had jurisdiction to set aside a previous agreement and grant of compensation allegedly procured by fraud and to decide that the injury sustained did not arise out of and in the course of employment as stipulated in the settlement agreement. Such award was not based upon a change in the claimant's condition subsequent to the original agreement. *Simpson* v. *Liberty Mut. Ins. Co.,* 99 *Ga. App.* 629 (2) (109 S. E. 2d 876).

3. Where the parties entered into the agreement for the payment of compensation which was made the award of the board on January 7, 1958, and on May 3, 1958, the employer and the carrier filed written application with the board for a hearing as to a change in condition of the claimant since the original award and also to review and set aside the original award on the ground of fraud in the procurement thereof, and, after such hearing, the original award was erroneously set aside by the board on the ground that the same was procured by fraud and no finding was made as to a change in condition, the employer and insurer, upon proper motion made in the superior court, are entitled to have the controversy recommitted to the board for the purpose of making findings of fact relative to any change in condition shown by the evidence taken at the previous hearing and for review and modification of the original award in conformity to the provisions of Code § 114-709 as amended, and the court erred in refusing to recommit the controversy to the board for such purpose and in ordering that the claimant be paid compensation in accordance with the original agreement.

4. The judgment of the superior court is reversed with direction that the controversy be recommitted to the State Board of Workmen's Compensation for proceedings in accordance with the provisions of Code § 114-709 as amended.

*Judgment reversed with direction.* Nichols and Bell, *JJ.*, concur.

DECIDED APRIL 7, 1960.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* for plaintiffs in error.

*Richard H. Baker,* contra.