38402. SHORE v. PACIFIC EMPLOYERS INSURANCE COMPANY *et al.*

DECIDED SEPTEMBER 7, 1960—REHEARING DENIED SEPTEMBER 27, 1960.

432

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.
*Stewart, Sartain & Carey, Joe B. Sartain, Jr.,* contra.

NICHOLS, Judge. ■ The General Assembly in an act approved January 31, 1946 (Ga. L. 1949, pp. 102, 106; *Code Ann.* § 114-803), listed various "agents" for which an employee covered by the Workmen's Compensation Act would be compensated as having occasioned an "occupational disease" if poisoned by any of such "agents." A comparison of the "agents" used by the claimant in the performance of his duties, as shown by the record, and the list shown in the above act demands a finding that the claimant did not suffer a compensable "occupational disease" as defined by such act.

■ While it is well settled that where an award of the State Board of Workmen's Compensation is supported by competent evidence neither the superior court nor this court, on appeal, may disturb such award, it is equally as well settled that an award of such board based on an erroneous conclusion of law must be reversed. See *Cook v. Department of Revenue,* 100 Ga. App. 172 (110 S. E. 2d 552); *Crawford W. Long Hospital v. Mitchell,* 100 Ga. App. 276 (111 S. E. 2d 120); *Liberty Mutual Insurance Co. v. Simpson,* 101 Ga. App. 480 (1) (114 S. E. 2d 141).

From the transcript of the record it is apparent that the claimant was not relying, as a basis for recovery, on an "occupational disease" but was relying on an accidental injury which was aggravated by the "agent" (a cleaning compound), used by him in the course of his employment. The deputy director hearing the

■

case found that "about March 9, 1959, the claimant skinned his hands while working and this developed further into a breaking out or rash on his hands, and he was treated by Dr. Ariail."

In *Williamson v. Aetna Casualty &c. Co.*, 101 Ga. App. 220 (113 S. E. 2d 208), it was held that where an employee received "acid" burns to his legs which resulted, after the burns had healed, in *dermatitis* of the area of the legs burned, compensation for "loss of use" of the legs was allowable although there was no monetary loss to the claimant at the time of the hearing.

The deputy director found that there had been an accidental injury to the claimant while on the job, and presumably he intended to find that such injury arose out of and in the course of his employment, but then he found that since the aggravation, which he also found to have occurred, did not occur as a result of an "occupational disease" as defined by the Workmen's Compensation Act, no recovery could be had for the resulting *dermatitis*. Under the decision in the case of *Williamson v. Aetna Casualty &c. Co.*, 101 Ga. App. 220, supra, this finding was based on an erroneous conclusion of law, and the judgment of the superior court affirming such award must be reversed with direction that the case be remanded to the State Board of Workmen's Compensation for further determination in accordance with this opinion.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*