39053.  OCEAN ACCIDENT & GUARANTEE
CORPORATION *et al.* v. BATES.

DECIDED OCTOBER 3, 1961—REHEARING DENIED
OCTOBER 13, 1961.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* for plaintiffs in error.

*John D. Edge,* contra.

CARLISLE, Presiding Judge.   Charlie Bates filed a request with the State Board of Workmen's Compensation for a hearing to determine the liability of his employer, J. P. Roberts & Sons, Inc., to pay him compensation and medical expenses on account of injuries which he alleged he sustained on the 20th day of November, 1959, as the result of an accident arising out of and in the course of his employment.   On the hearing of the matter before a deputy director, the claimant testified that he hurt his back while lifting a scaffold about the middle of the afternoon; that he was working with two other employees of the defendant but did not say anything about the injury to them or to his supervisor; that on Monday, November 23rd, he was hospitalized on account of pain he was suffering in his back, and that he sent a message to his immediate supervisor to come to the hospital where he notified him of the accident and injury.   Medical evidence introduced by way of depositions of three doctors was in conflict as to whether the condition from which the plaintiff was then suffering was the result of the injury or caused by disease.   With respect to the whole of the evidence in the case, however, it is sufficient to say that it authorized, though it did not demand, the award in favor of the claimant which was subsequently entered by the deputy director.

In entering the award, the deputy director said, "It has been long established by the appellate courts that where there are two

equally sound theories, the Workmen's Compensation Act being a humanitarian law and liberally construed, the theory most in favor of the claimant should be followed. After careful consideration of all the evidence with these principles in mind, I find the following facts: . . ." Following this language, the director found as facts that the claimant was employed by the defendant at an average weekly wage of $31.95, that the employee suffered an accidental injury arising out of and in the course of his employment and that the employee was disabled as a result of the accident. This award was appealed directly to the superior court by the employer and insurance carrier, and the judge thereof entered a judgment affirming the award but remanding the case to the board for further findings with respect to the earnings of the employee on the ground that there was no evidence in the record to support the finding in this respect. The employer and insurance carrier except in this court to so much of the judge's order as was adverse to them.

The burden of proof was on the employee to show by a preponderance of the evidence all of the essential elements of his case, that is, that he suffered an accidental injury which arose out of and in the course of his employment, and that the disability for which he claimed compensation stemmed from that injury. *American Mut. Liab. Ins. Co. v. Harden,* 64 Ga. App. 593, 595 (13 SE2d 685); *Shelby Mut. Cas. Co. v. Huff,* 87 Ga. App. 463 (74 SE2d 251); *Pacific Employers Ins. Co. v. West,* 97 Ga. App. 392, 396 (2) (103 SE2d 130); 100 C. J. S. 584, Workmen's Compensation, § 547 (2). A preponderance of the evidence is the essential quantum of evidence necessary to satisfy the mind of the director as to all issues of fact in a compensation case just as it is the essential quantum necessary to satisfy the minds of fact finders in other classes of civil cases. Of course, under the rule that an award of the State Board of Workmen's Compensation based on findings of fact supported by *any evidence* will not be disturbed by the courts on appeal, the finding of the director as to where the preponderance of the evidence lies in a case is necessarily not subject to review. This is all that was meant by Judge Parker in *Davis v. Bibb Mfg. Co.,* 75 Ga. App. 515, 518 (43 SE2d 780) where, in review-

ing the award of the full board he stated that a preponderance of the evidence was not necessary to support the finding of the single director. In support of that statement, the court cited *Fralish v. Royal Indem. Co.*, 53 Ga. App. 557 (3) (186 SE 567). In that case, Judge MacIntyre, speaking for the court in an opinion concurred in by Judges Broyles and Guerry affirming an award of the full board which disapproved and, in effect, reversed an award of the single director, intimated that the preponderance of the evidence lay not with the finding of the full board but with the finding of the single director. This intimation was, at best, mere obiter dictum, and to the extent that it may be interpreted as authorizing a finding in a workmen's compensation case based on something less than a preponderance of the evidence, it ought to be disapproved.

In the instant case, the wording of the award which we have quoted above indicates that the deputy director was confused as to the application of the rule respecting the liberal construction of the *Compensation Act. Wilson v. Maryland Cas. Co.*, 71 Ga. App. 184, 188 (30 SE2d 420). No portion of the Workmen's Compensation Act was drawn in question and no construction of the act was required in this case so far as appears from the record. Furthermore, reading the deputy director's award in its context shows that he was not applying the rule he stated in the construction of the act but in evaluating the evidence, and that he thought if the evidence merely presented "two equally sound theories" that he was bound to construe it so as to find the theory "most in favor of the claimant." However, this is not the law. " 'If the facts are consistent with either of two opposing theories, they prove neither.' As was also stated in Smith v. First National Bank, 99 Mass. 605 (97 AD 59), 'when the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof.' See authorities collected in *Taylor v. State*, 44 Ga. App. 387, 417, 418 (161 SE 793)." *Federal Res. Bank v. Haynie*, 46 Ga. App. 522 (1) (168 SE 112).

Since the award shows on its face that, in arriving at the conclusion which he did, the deputy director applied an erroneous legal theory, the award must be reversed. *Liberty Mut. Ins. Co.*

*v. Simpson,* 101 Ga. App. 480 (1) (114 SE2d 141); *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 SE2d 482); *Shore v. Pacific Employers Ins. Co.,* 102 Ga. App. 431, 434 (116 SE2d 526). Whether or not the deputy director would make a similar finding upon the application of correct principles of law is not the question. His award shows affirmatively that he has not applied correct principles of law in entering the award in favor of the claimant, and what would be the proper disposition of the case is still for him to say. The evidence was at least skimpy on the question of whether the employee had an accident, and close as to whether the claimed disability resulted from the accident, if he had one. This court cannot say that the deputy director's confusion as to the applicable principles of law did not enter into his decision and improperly influence the findings which he made. *Department of Revenue v. Graham,* 102 Ga. App. 756, 760 (117 SE2d 902). Accordingly, the judgment of the superior court is reversed with direction that the case be remanded to the State Board to afford the deputy director an opportunity to make findings of fact and enter an award upon consideration of applicable principles of law.

*Judgment reversed with direction. Nichols and Eberhardt, JJ., concur.*