39771.   PIKE v. MARYLAND CASUALTY COMPANY et al.

DECIDED NOVEMBER 2, 1962—REHEARING DENIED
NOVEMBER 21, 1962.

*James W. Hall*, for plaintiff in error.

*Bennet, Gilbert, Gilbert & Whittle, L. J. Bennet, John M. Gaynor, III*, contra.

HALL, Judge. This is an appeal from a judgment of the superior court affirming an award of the State Board of Workmen's Compensation denying compensation to the plaintiff in error, hereinafter called claimant. The claimant is the widow of a deceased employee of the defendant in error, hereinafter called the employer. There was testimony before the director to the effect that the deceased was the employer's district office and sales manager with headquarters in Jesup, Georgia, and that his duties included selling houses and he had authority to hire other salesmen. The employer's state manager testified that their salesmen applied themselves when and where they thought it best; that they worked late in the evenings; that there was no such thing as being off duty; that they had considerable latitude in their dealings to get around and get the job done, in "selling, talking to somebody about a job, working for him and so forth." On one Saturday evening at about 10 the deceased by prearrangement met one Lahiff at a night club 50 miles, more or less, from Jesup and talked with Lahiff about Lahiff's trying to sell some houses for the deceased. Lahiff was in the Army and was prohibited by Army regulations from working in other employment without the permission of his superiors, and he did not intend to request such permission. The deceased proposed to Lahiff that he talk to some prospects in the Fort Stewart area and if any sales resulted Lahiff would get $80 and the deceased or some other person would get $20 of the $100 commission on each house sold, but Lahiff's name would not appear on any of the papers in the transaction. Lahiff accepted the proposal but no houses were ever sold through his efforts. After this conversation between the deceased and Lahiff they visited socially. Lahiff left the night club at about 2:00 a.m., at which time the deceased had not yet left. The deceased was killed

later that morning in an accident on a curve in the highway while driving a car furnished him by the employer, presumably as he was returning home from the night club.

The director's findings of fact include the following: "Mr. Lahiff was not to become an employee of Modern Homes Construction Company but was merely to have a 'working arrangement' with Mr. Pike [the deceased]." The record indicates that the director thought that this fact demanded his conclusion that the deceased was not within the scope of his employment at the time he met his death, and demanded the denial of compensation. But we are of the opinion that the fact that the deceased did not engage Lahiff as an employee of Modern Homes, but only enlisted his help to sell houses unofficially, does not establish as a matter of law that the deceased was not within the scope of his employment. The testimony shows that the deceased recruited Lahiff as a "bird dog." This term is defined in the Merriam-Webster New International Dictionary (3d Ed. 1961), at p. 220: "Canvasser; especially: one who locates prospects for salesmen." The question is whether the deceased was acting in furtherance of his employer's business— selling houses. Selling includes finding prospects. *Employers Liab. Assur. Corp. v. Pruitt*, 63 Ga. App. 149, 157 (10 SE2d 275); Pacific Employer's Ins. Co. v. Industrial Acc. Comm. of California, 79 Cal. App. 195 (249 P 33, 34). If an employee is injured while doing something in the interest of his employer, which is reasonably necessary or incident to his regular work, the injury arises out of his employment. This is true even though the employee has no special permission from the employer to do the particular act and it is beyond the scope of his specific duties. And it applies especially when the employee has no instruction from the employer prohibiting the act, and when the employee has some discretionary authority. *Continental Cas. Co. v. Weems*, 60 Ga. App. 410, 412-414 (3 SE2d 846); *U. S. Fidelity &c. Co. v. Hamlin*, 98 Ga. App. 167, 177 (105 SE2d 481); *U. S. Fidelity &c. Co. v. Skinner*, 188 Ga. 823, 829 (5 SE2d 9); 99 CJS 711, 717, § 216; 58 Am. Jur. 739, § 231. Accordingly, the deceased's recruitment of Lahiff as a "bird dog" to contact and talk with prospects for the sale of houses could

be within the deceased's discretion as reasonably necessary and incident to his regular work; and his death while traveling on the highway incidentally to this activity could be compensable. *Glens Falls Indem. Co. v. Sockwell,* 58 Ga. App. 111, 115 (197 SE 647); *Aetna Cas. &c. Co. v. Jones,* 82 Ga. App. 422, 424 (61 SE2d 293); *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682, 690-691 (118 SE 786); *U. S. Fidelity &c. Co. v. Skinner,* 188 Ga. 823, 826, supra; *Curtis v. Royal Indem. Co.,* 101 Ga. App. 158, 162 (112 SE2d 819).

The director having applied an erroneous legal theory in arriving at the conclusion that the deceased was not within the scope of his employment at the time of his death, the award must be reversed with direction that the case be remanded to the State Board to make findings of fact and enter an award upon consideration of applicable principles of law. *Crawford W. Long Hospital v. Mitchell,* 100 Ga. App. 276 (111 SE2d 120); *Liberty Mut. Ins. Co. v. Simpson,* 101 Ga. App. 480 (114 SE2d 141); *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 SE2d 482); *Shore v. Pacific Employers Ins. Co.,* 102 Ga. App. 431 (116 SE2d 256); *Ocean Acc. &c. Corp. v. Bates,* 104 Ga. App. 621, 623 (122 SE2d 305).

*Judgment reversed with direction. Felton, C. J., and Bell, J., concur.*