## 56172, 56173. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. MAULDIN et al.; and vice versa.

QUILLIAN, Presiding Judge.

The main appeal (56172) involves a judgment of the superior court affirming an award of the State Board of Workers' Compensation (changed from State Board Of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978). The cross appeal (56173) asserts that the costs provided in Code Ann. § 114-712 (Code § 114-712, as amended through Ga. L. 1943, pp. 167-169) should have been granted to the claimant since the proceedings were appealed to the superior court without reasonable grounds. *Held:*

1. The claimant, after sustaining an injury on July 15, 1976, continued to work until she was unable to do so on November 14, 1976. During that time claimant's employer changed insurance carriers. Hartford Insurance Group had the employer's workers' compensation insurance coverage on July 15, 1976 and United States Fidelity & Guaranty Company became the employer's carrier on August 1, 1976. Thus, the issue here concerns which of the two carriers is liable.

The board stated in its findings of fact: that the

claimant's disability was the result of her injury on July 15, 1975 and not from the continued performance of her normal employment duties; that the claimant had suffered a change in condition; that Hartford Insurance Company who had the coverage on July 15, 1976, the date of her injury, was liable for her compensation payments and medical expenses.

The appellant, Hartford, contends that the award is in error because in *Liberty Mut. Ins. Co. v. White,* 139 Ga. App. 85 (227 SE2d 886) it was held that where the claimant was injured on the job and continued working until, as the result of the performance of the usual duties of her employment, her condition grew worse to the point that she was no longer able to continue her employment, the date of her injury was the date she was forced to cease working.

The appellant, Hartford, is correct as to the holding in the *White* case; however, it does not apply in the case sub judice. In the present case the board found that the claimant's disability was not due to the performance of the usual duties of her employment, but was in fact the result of the injury she received on July 15, 1976. The evidence was sufficient to support these findings of fact and the superior court's order affirming the award was correct.

The statement in the award that the claimant suffered a change in condition was not correct. This is true because a claimant cannot have a change in condition under the provisions of Code Ann. § 114-709 (Code § 114-709, as amended through Ga. L. 1973, pp. 232, 245) unless there has been a previous award or agreement approved by the board granting compensation. However, the erroneous use of the term change in condition in the award does not alter the board's findings of fact that the original injury and not the continued performance of her employment duties subsequent thereto was the cause of her disability.

2. Due to the fact that there is a rather close legal distinction which had to be made to determine this case, it cannot be said that the appeal was without reasonable grounds. The mere fact that an appellant does not prevail in his appeal does not mean that such appeal was made

without reasonable ground. Therefore, it was not error to fail to impose costs under Code Ann. § 114-712 and the motion to assess ten percent attorney fees under Code § 6-1801 is denied.

*Judgments affirmed. Webb and McMurray, JJ., concur.*

ARGUED JULY 11, 1978 — DECIDED
SEPTEMBER 14, 1978.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellants (Case No. 56172).

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, William R. Waldrop, Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellees (Case No. 56172).

*William R. Waldrop,* for appellants (Case No. 56173).

*H. P. Arnall, H. A. Stephens, Jr., Hopkins & Gresham, H. Lowell Hopkins,* for appellees (Case No. 56173).