### 64461. HORTON v. GEORGIA POWER COMPANY.

SOGNIER, Judge.

The court granted Gerald Horton's discretionary appeal of an order of the Superior Court reversing an award of the State Board of Workers' Compensation.

Appellant contends that the trial court erred in reversing the award because there was sufficient evidence to support the award. Horton had been awarded workers' compensation benefits in July 1976; the employer, Georgia Power, applied for a hearing to determine if there was a change of condition in October 1978. The ALJ concluded that Horton had not experienced a change of condition and denied Georgia Power's application. The full board affirmed the award. The trial court reversed the award, stating that the board failed to consider evidence of a change of condition.

We have reviewed the record and find that there is some evidence that Horton's condition has not changed since the original injury. The ALJ noted in the award that he had considered the testimony of the claimant, the deposition of one doctor and reports of two other doctors. Some of this evidence was in conflict; however, it is clear that the ALJ did not ignore the evidence.

In *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976), this Court set out the controlling principles to be applied in reviewing awards by the Workers' Compensation Board. A finding of fact made by a director or deputy director of the State Board of Workers' Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based upon those findings of fact merely because he disagrees with the conclusions reached by the board. The weight and credit to be given testimony of witnesses and conflicts in evidence are for determination by the Workers' Compensation Board. Id., at 410.

The trial court erred in reversing the award made in favor of Horton.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1982.

*R. B. Donaldson, Jr.,* for appellant.
*Richard W. Best,* for appellee.