76228. BRYAN COUNTY EMERGENCY MEDICAL SERVICES
et al. v. GILL.
(369 SE2d 495)

BANKE, Presiding Judge.

The claimant in this workers' compensation case suffered a compensable back injury in November of 1977, while working as an emergency medical technician for Bryan County. He received medical treatment for this injury for approximately the next three months but did not lose any time from work until January of 1985, when he was required to undergo a laminectomy, allegedly because of a gradual worsening of his condition due, at least in part, to his continued employment with the county in various part-time capacities. At issue in this appeal is whether he is entitled to recover compensation for his medical expenses associated with this surgery, and, if so, from whom. The board has twice ruled that he is entitled to compensation, but on two entirely different theories.

The initial decision in the case was rendered on December 17, 1985, when an administrative law judge concluded that "the complications the claimant suffered in 1985 would be called a new accident" for which he would be entitled to compensation. The administrative law judge expressed uncertainty, however, about who should be held responsible for payment of such compensation. At the time of the original injury in 1977, the county was covered by a policy of workers' compensation insurance issued by Northwestern National Insurance Company; but in 1978 the county became a self-insurer for workers' compensation purposes, and the Northwestern National coverage was terminated.

Because the county was not separately represented at the initial hearing, the administrative law judge determined that the case should be transferred to another venue for resolution of the coverage issue. However, no such transfer occurred. Instead, the case was appealed, first to the full board, which simply affirmed the administrative law

judge's decision, and then to superior court. The superior court upheld the board's factual findings but remanded the case "for the purposes of adding the Association of County Commissioners as the self-insurer and adjudicating the contention of the insurer that the self-insurer, rather than the insurer Northwestern National, is liable to the claimant, and for the further purpose of hearing any other claims or defenses that hereafter arise."

Upon remand, a second administrative law judge determined: (1) That the claimant had not in fact sustained a "new injury" to his back subsequent to November of 1977; (2) that even if he were determined to have sustained a fictitious "new injury" to his back on the date he was ultimately forced to cease work (i.e., January 7, 1985), a claim based on that injury would be barred by the one-year statute of limitation because he had waited until January 23, 1986, to assert such a claim; and (3) that, pursuant to this court's decision in *Hartford Accident & Indem. Co. v. Mauldin*, 147 Ga. App. 230 (248 SE2d 528) (1978), the claimant could not recover benefits based on a change in condition because there had never been an award of disability benefits based on the original injury. Notwithstanding all of this, the second administrative law judge ruled that the claimant was entitled to recover his medical expenses associated with his surgery in 1985, concluding that those expenses were "related to" his original injury and that, pursuant to *General Ins. Co. of America v. Bradley*, 152 Ga. App. 600 (263 SE2d 446) (1979), there was no statute of limitation of the recovery of such expenses. Based on the fact that Northwestern National had been the county's workers' compensation insurer at the time the original injury occurred, the administrative law judge concluded that it was responsible, under this theory of recovery, for payment of the claim. The full board and the superior court affirmed, whereupon we granted an application for discretionary appeal filed by counsel for Northwestern National, ostensibly on behalf of the county as well as the insurance company. *Held*:

The finding by the first administrative law judge that the claimant had suffered a "new accident" in January of 1985 was clearly authorized by the evidence. " '[W]here the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury,' the date of the injury for purposes of the running of the statute of limitation[s] is the date the 'disability manifests itself' and on that date is a 'new accident.' " *Maryland Cas. Co. v. Walls*, 184 Ga. App. 267, 268 (361 SE2d 253) (1987), citing *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (248 SE2d 678) (1978). Furthermore, since the board's original decision on the "new accident" issue was upheld by the superior

court on appeal, we do not believe the board was at liberty to change that decision in the absence of new evidence bearing on the issue.

The apparent reason the second administrative law judge undertook to re-decide the "new accident issue" was that he believed a claim based on that theory would be barred by the statute of limitation. That determination was, in turn, based upon a finding that the claimant had waited until January 23, 1986 (i.e., more than a year after the occurrence of the fictional "new accident") to assert his new accident claim. Because the second administrative law judge further determined that the claimant could not assert a change-in-condition claim, it followed that the only remaining avenue of compensation left was to treat the medical expenses associated with the 1985 surgery as expenses arising directly from the original injury and to compensate them as such. Northwestern National complains that an award of benefits based on such a recharacterization of the claim has the effect of penalizing it for the claimant's failure to file his "new accident" claim within the one-year statute of limitation period, it being clear from the decision in *Central State Hosp. v. James*, supra, that if the claim had been considered compensable under the "new accident" theory, the company would not have been considered at risk because its coverage was not in effect at the time the "new accident" occurred.

We must conclude that the second administrative law judge's finding that the claimant failed to assert his "new accident" claim until January 23, 1986, was erroneous, for the record discloses that the ruling by the original administrative law judge upholding the claim on the basis of the "new accident" theory was issued on December 17, 1985, which was less than a year after the claimant was ultimately forced to cease work. (It follows that the second administrative law judge's conclusion that a "new accident" claim would be barred by the statute of limitation was also erroneous.) Furthermore, because the original administrative law judge's decision on the "new accident" issue was upheld by the superior court on appeal, and because no new evidentiary finding was made upon the remand of the case to the board which would conflict with that decision, we must conclude that the second administrative law judge was bound by the superior court's affirmance in this regard. It follows that the board was not authorized to hold Northwestern National liable for payment of the claim. The judgment appealed from is accordingly vacated, with direction that the case be remanded to the board for the entry of an award consistent with this opinion.

*Judgment vacated and case remanded with direction. Birdsong, C. J., and Beasley, J., concur.*

128

*Mark J. Goodman*, for appellants.
*Murl E. Geary, Elton L. Wall*, for appellee.